*44 ORDER (Dismissal with Prejudice)
AMANDA L. ROCKMAN, Associate Judge.
On February 25, 2009, the plaintiff, Sherman J. Funmaker, filed a Complaint, stating that the Election Board allowed particular candidates more time to complete their nomination petitions, and the plaintiffs nomination papers were returned due to the fact the petition lacked the requisite signatures. The plaintiff, Sherman J. Funmaker, initiated the current action by filing the February 25, 2009 Com/plaint. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on the same date, and served the documents upon the defendant’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ), by mail as permitted by HCN R. Civ. P. 5(C). The Summons informed the respondent of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The defendant, by and through DOJ Attorney Michelle M. Greendeer, filed a timely Answer on Friday, March 13, 2009, asking the Court to deny the Complaint. See Defendant’s Answer at 6. Furthermore, the defendant filed a Motion to Dismiss on March 18, 2009, and an insufficient request for expedited consideration.
In the instant case, the plaintiff neither requested a preliminary injunction of the March 17, 2009 Primary Election, nor made mention of the prevailing standard for a preliminary injunction within his Complaint.[1] The Court, therefore, processed the pleading in the typical fashion. See generally, Robert A. Mudd v. Ho-Chunk Nation Legislature et al, CV 03-01 (HCN Tr. Ct., Jan. 17, 2003) at 2. The plaintiff maintains the burden to prosecute his case. See, e.g., Joshua F. Smith, Sr. v. Adam Estes et al., CV 03-08 (HCN Tr. Ct., Dec. 18, 2003) at 13; Leigh Stephen et al. v. Ho-Chunk Nation, CV 97-141 (HCN Tr. Ct., Oct. 26, 1998) at 5; Edward Frank v. Ho-Chunk Tours, CV 96-11 (HCN Tr. Ct., June 19, 1996) at 1.
At this point, the Court would typically schedule a Scheduling Conference, however, it is unnecessary since the outcome sought was for the plaintiff “to have extra time also to get the signatures I needed to be a candidate in 3/2009 election. And that these individuals not be allowed to run because of their tardiness.” Compl. at 3. The General Primary Election is scheduled for tomorrow, Thursday, March 19, 2009. By processing the Complaint in *45 the typical fashion, the plaintiffs request is now moot. See DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed,2d 491 (1969).
Furthermore, the Complaint is also dismissed because the plaintiff did not allege a violation of any specific law capable of conferring subject matter jurisdiction upon the Court to hear this case. See Ho-Chunk, Nation v. Harry Steindorf et al., CV 99-82 (HCN Tr. Ct., Feb. 11, 2000), af'd, SU 00-04 (HCN S.Ct., Sept. 29, 2000) (clarifying the scope of the Court’s subject matter jurisdiction). The plaintiff fails to cite to the Constitution of the Ho-chunk Nation, the Election Ordinance, or any custom or tradition within the initial pleading. See Id.; Const., Art. VII, § 5(a); Cornpl. at 3. Moreover, the plaintiff sued the Election Board, and not a named individual, and the case would therefore be dismissed on the grounds of sovereign immunity as well. Timothy G. Whiteagle et al., v. Alvin Cloud, Chair of the Gen, Council, et al., 5 Am. Tribal Law 178 (HCN Tr. Ct.2004), aff'd in part, SU 04-06 (HCN S.Ct., Dec. 30, 2004) (dismissing allegations against the General Council Planning Committee due to the presence of sovereign immunity from suit); see also Chloris Lowe, Jr. v. HCN Legislature et al., CV 00-99 (HCN Tr. Ct., Oct. 19, 2000) (dismissing pre-emptive election challenge filed against the Legislature and Election Board due to the presence of sovereign immunity).
The Court consequently dismisses this case with prejudice. The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgmen t or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.J, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(h)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.J. ” HCN R. Civ. P. 61.
IT IS SO ORDERED this 18th day of March 2009, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. Shortly alter its formation, the Court adopted a four-part test for the purpose of evaluating requests for preliminary injunctions. Joyce Warner et al. v. HCN Election Bd., CV 95-03-06,-09-10 (HCN Tr. Cl., July 3, 1995) at 4 (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, 999 F.2d 211, 214-15 (7th Cir.1993)). The Ho-Chunk Nation Supreme Court later sanctioned the use of the incorporated federal standard. Coalition for a Fair Gov't II v. Chloris A. Lowe, Jr. et al, SU 96-02 (HCN S.Ct., July 1, 1996) at 7 (quoting Tracy Thundercloud v. HCN Election Bd., CV 95-16 (HCN Tr. Ct., Aug. 28, 1995) at 3); see also Anna Rae Funmaker v. Kathryn Doornbos et al., SU 96-12 (HCN S.Ct., Mar. 25, 1997) at 2-3. Consequently, the Court must deny a request for a preliminary injunction when a plaintiff neglects to articulate the standard and/or allege facts capable of satisfying the four-part test. HCN Election Bd. et al. v. Aurelia Lera Hopinkah, SU 98-08 (HCN S.Ct., Apr. 7, 1999) at 8-9; see also HCN R. Civ. P. 18, 60(B).